1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| A.I.,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, et al.,<br><br>                    Defendants. | CASE NO. C25-1276-KKE<br><br>ORDER GRANTING MOTION TO<br>PROCEED UNDER PSEUDONYM |

Plaintiff requests leave to proceed in this action pseudonymously and a protective order requiring Defendants to maintain confidentiality in all filings and public proceedings. Dkt. No. 2. No defendants have appeared in the matter thus far, but Plaintiff provided a certificate of service of the motion dated July 8, 2025. *Id.* at 6. For the below reasons, the Court GRANTS the motion. Dkt. No. 2.

## I.    BACKGROUND[1]

Plaintiff is a 29-year-old native of Moldova. Dkt. No. 1 ¶ 2. She arrived in the United States on May 20, 2017, seeking asylum from persecution in her home country. *Id.* ¶¶ 2–3. She currently resides in Renton, Washington. *Id.* ¶ 10. On October 3, 2019, she filed her I-589 Application for Asylum and Withholding of Removal with the U.S. Citizenship and Immigration

---

[1] This factual background is based on Plaintiff's complaint. Dkt. No. 1.

ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYM - 1

Services ("USCIS") of the Department of Homeland Security ("DHS").  *Id.* ¶ 3.  Over five years have passed, and her application remains unadjudicated.  *Id.*

Plaintiff filed an action in this Court on July 8, 2025.  Dkt. No. 1.  She alleges that Defendants Kristi Noem (the DHS Secretary), Ur Jaddou (Director of the USCIS), Ted H. Kim (the Associate Director of the Refugee, Asylum, and International Operations Directorate of USCIS), and Danielle Lehman (Director of the San Francisco Asylum Office) unlawfully failed to timely adjudicate her asylum application in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), DHS and USCIS policies, and various immigration regulations.  *Id.* ¶¶ 16–28.

Contemporaneously with her complaint, Plaintiff filed this motion to proceed anonymously and for a protective order "requiring Defendants to maintain confidentiality in all filings and public proceedings."  Dkt. No. 2 at 1–2.

## II.    ANALYSIS

### A.    Legal Standards

Under Federal Rule of Civil Procedure 10(a), "the complaint must name all the parties." Therefore, "[t]he normal presumption in litigation is that parties must use their real names."  *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (loosely relating this presumption to the public's right to open courts and the right of private individuals to confront their accusers).  The Ninth Circuit permits parties "to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir.1981)).  Accordingly, the Ninth Circuit directs courts to apply a "balancing test" and

determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

The Ninth Circuit provides the following factors to evaluate the need for anonymity: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1067–68 (citations omitted). Courts must also consider "whether proceedings may be structured so as to mitigate [the] prejudice [at each stage of the proceedings to the non-movant]" and "decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id.* at 1068–69 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (finding that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them")).

The Federal Rules of Civil Procedure and local rules contemplate special protections for immigration cases. Fed. R. Civ. P. 5.2(c); Local Rules W.D. Wash. LCR 5.2(c) (local rule providing that immigration actions "must be filed under seal, and the court will maintain it under seal").

**B.    Plaintiff's Need for Anonymity Outweighs Any Prejudice to Defendants.**

The Court finds sufficient grounds for Plaintiff to proceed pseudonymously. Plaintiff alleges that she endured persecution in Moldova. Dkt. No. 1 ¶ 5. Plaintiff argues "[d]isclosing her name to the public domain in connection to a mandamus case arising from a pending application for asylum puts her and her family members' lives in danger." Dkt. No. 2 at 3.

The first three factors weigh in favor of granting Plaintiff's motion. Courts in this district and broader Circuit have regularly granted plaintiffs leave to file anonymously in cases relating to asylum proceedings. *See, e.g.*, *S.H.T. v. Mayorkas*, No. C24-0755JLR, 2024 WL 3106227, at *2 (W.D. Wash. June 24, 2024) (granting motion where plaintiff was an Ethiopian native seeking

asylum from past persecution); *E.H.A. v. United States Citizenship & Immigr. Servs.*, No. 2:24-cv-01120-RSL, 2024 WL 3935504, at *1 (W.D. Wash. Aug. 26, 2024) (plaintiff was an Ethiopian national alleging that he was tortured by the police in his home country); *H.A.W. v. Mayorkas*, No. C24-1065JLR, 2024 WL 3650695, at *1 (W.D. Wash. Aug. 5, 2024); *Doe v. U.S. Citizenship & Immigr. Servs., et al.*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *1, *4 (E.D. Cal. May 12, 2021); *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013).

Additionally, Defendants will not be prejudiced if Plaintiff were to proceed anonymously. Plaintiff represents that she will privately disclose her identity "with government counsel who appears in this case." Dkt. No. 2 at 2. Therefore, Defendants' ability to develop their case will not be impeded by Plaintiff's anonymity. *See Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).

And lastly, the Court finds that public interest favors allowing Plaintiff to proceed pseudonymously. Lawsuits that enforce constitutional and statutory rights benefit the public, and the public has a right to see this case decided on the merits. *See Advanced Textile Corp.*, 214 F.3d at 1073. That said, the Court is also cognizant that disclosure of Plaintiff's identity may disincentivize future lawsuits from other asylum seekers, and potentially harm the public's interest. *See id.*; *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *7 (S.D. Cal. Dec. 20, 2017) ("Requiring the Individual Plaintiffs to use their true names despite their fear of harm from the persons they have sought to flee, creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case.").

As such, the Court finds it appropriate to grant Plaintiff's motion to proceed anonymously under the initials "A.I."[2]  Dkt. No. 2.

### III.  CONCLUSION

The Court GRANTS Plaintiff's motion.  Dkt. No. 2.  Plaintiff may proceed in this case under a pseudonym.

The Clerk is instructed to identify Plaintiff by the initials "A.I." on the docket.

Dated this 6th day of August, 2025.

Kymberly K. Evanson
United States District Judge

---

[2] The Court's order allowing Plaintiff to proceed under the initials "A.I." appears to address Plaintiff's request to require "Defendants to maintain her confidentiality in all filings and public proceedings."  Dkt. No. 2 at 2.  To the extent Plaintiff seeks other relief, she may request it in a properly noted and supported motion.